M. DENISE MORETZ (State Bar No. 010557)
WOOLF MCCLANE BRIGHT, ALLEN & CARPENTER, PLLC
900 S. Gay Street, Suite 900,
Knoxville, TN 37902
Telephone: (865) 215-1000
Facsimile: (865) 215-1015

D. WILLIAM TOONE, ADMITTED *PRO HAC VICE*
DOUGLAS F. STEWART, ADMITTED *PRO HAC VICE*
DORSEY & WHITNEY LLP
U.S. Bank Center Building
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 903-8800

Attorneys for Defendant
PERMA-CHINK SYSTEMS, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NISUS CORPORATION, a Tennessee Corporation,<br><br>    Plaintiff,<br><br> v.<br><br>PERMA-CHINK SYSTEMS, INC., a Washington Corporation,<br><br>    Defendant. | Civil No. 3:03-CV-120<br>Varlan/Shirley<br><br>**DEFENDANT PERMA-CHINK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN NISUS PRIVILEGE LOG** |

# Table of Contents

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

III. ARGUMENT ....................................................................................................................... 2

    A. Nisus' Burden Under The Legal Standards ........................................................... 2

    B. Nisus' Initial Privilege Log Is Insufficient ............................................................ 4

    C. Nisus' Supplemental Privilege Log Is Insufficient ............................................... 5

    D. Nisus' Second Supplemental Privilege Log Is Insufficient ................................. 6

    E. The Appropriate Sanction Here Is Waiver Of Privilege ...................................... 7

IV. CONCLUSION .................................................................................................................... 8

## I. INTRODUCTION

Perma-Chink Systems, Inc. ("Perma-Chink") respectfully moves this Court to compel plaintiff Nisus Corp. ("Nisus") to produce to Defendant copies of the documents referenced in Nisus' Privilege Log based on a waiver due to Nisus' failure to provide sufficient detailed information to permit either the Court or counsel for Defendant to reasonably ascertain whether Nisus is properly invoking attorney-client privilege and the work-product doctrine. Alternatively, Perma-Chink moves to require Nisus to submit all of its privilege log documents to the Court for *in camera* review.

Perma-Chink further moves for payment of Perma-Chink's attorney's fees and costs associated with this motion following Nisus' refusal to provide the additional privilege log detail after multiple requests. *See Attachment A hereto* (07/20/04 letter to Nisus).

## II. BACKGROUND

The entirety of Nisus's privilege log is attached hereto as Exhibit A and can be summarized as follows:

- **Initial Log**: Nisus lists twenty-nine documents (entries 1-29) that are directed to patent prosecution. Those documents are withheld on the basis of attorney-client privilege.

- **Supplemental Log**: Nisus listed an additional five documents (entries 30-34) following Perma-Chink's subpoena to Nisus lab personnel, directed to "lab analysis and experiments." Those documents are withheld on the basis of attorney-client privilege and work product.

- **Second Supplemental Log**: Nisus listed an additional eighteen documents (entries 35-52) following Perma-Chink's subpoena to Nisus' EPA consultant, directed to "Correspondence conveying information regarding case assessment." Those documents are withheld on the basis of attorney-client privilege and work product.

Each of Nisus's three privilege logs will be analyzed in view of the law below

### III. ARGUMENT

#### A. Nisus' Burden Under The Legal Standards

The requirements for a privilege log are found in the Federal Rules:

**Claims of Privilege or Protection of Trial Preparation Materials**:
When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5) (emphasis added). In *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 102 (D.D.C. 1998), the court held that "[a]t a very minimum…the privilege log in which a claim of privilege is advanced [must] contain information sufficient to enable the demanding party to contest the claim." *See also Fleet Business Credit Corp. v. Hill City Oil Co., Inc.*, 2002 U.S. Dist. Lexis 23896*7 (W.D. Tenn. 2002) ("[U]nder both Tennessee and federal discovery rules, the party asserting a privilege must 'make the claim expressly and describe…things not produced or disclosed in a manner sufficient to assess the applicability of the privilege protection.'").

Because Nisus is seeking to withhold documents from Perm-Chink, Nisus has the burden of establishing the applicability of attorney-client privilege or work product to any withheld document. *Id.*; *Royal Surplus Lines Ins. v. Sofamor Danek Group, Inc.*, 190 F.R.D. 463, 473 (W.D. Tenn. 1998). Here, Nisus has failed to carry that burden because its logs are substantively deficient. Nisus fails to include the type of information that Perma-Chink and this Court could use to determine the propriety of Nisus' subjective withholdings. Nisus' assertions of privilege are also highly suspect because both the first and second supplemental logs were only belatedly identified after Perma-Chink served subpoenas on third parties. Because the third parties were always under Nisus' control, questions arise as to why the documents were only identified at that time and not in response to prior document requests as required by Fed. R. Civ. P. 34(a) ("in possession, custody or control of the party upon whom the request is served"); *See In re Folding*

*Carton Antitrust Litigation*, 76 F.R.D. 40, 423 (N.D. Ill. 1977) ("It is well settled that a party need not have actual possession of documents to be deemed in control of them.").

For example in *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 661 (D. Kan. 2003), the court ordered a non-party to provide the plaintiff with a privilege log containing "a detailed description of the materials in dispute and specific and precise reasons for its claim of protection from disclosure." Thus, the district court required, "at a minimum," the following for each document that the non-party sought to withhold:

1. A description of the document (i.e., correspondence, memorandum, etc.);
2. Date prepared or date notations made;
3. Date of document (if different from #2);
4. Who prepared the document or made notations on the document;
5. For whom the document was prepared and to whom it was directed;
6. Purposes of preparing the document or making the notations;
7. Number of pages of each document; and
8. Basis for withholding discovery.

*Id.* at 661-662. Other courts have outlined similar requirements for privilege logs. *See, e.g.*, *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (holding that privilege log must identify: (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated); *United States v. Western Electric Co., Inc.*, 132 F.R.D. 1, 3 (D.D.C. 1990) ("privilege is not available unless [the party asserting privilege] identifies the authors, dates of preparation, and subject matter of the documents, as well as facts establishing each element of the privilege claim. A conclusory assertion that an element is present will be insufficient.").

These type of requirements are in place "to ensure that a party seeking to insulate documents from disclosure has met the essential elements required for invoking the attorney-client

privilege." *Alexander*, 186 F.R.D. at 107. Perma-Chink cannot evaluate if Nisus has met these requirements.

Moreover, the assertion of privilege must be established for each and every document Nisus seeks to withhold from Perma-Chink. That means that each and every page attached to any responsive document must be independently established as privileged: "Since a document with an attachment constitutes two separate documents, a party objecting to the disclosure of a document with an attachment must prove that both the document and the attachment individually satisfy the requirements of the applicable privilege or doctrine." *Mold-Master* at *3 (N.D. Ill. 2001) ("It should hardly come as a surprise that an attachment to a document must appear as a separate entry on the privilege log."); *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614 (N.D. Cal. 2003) ("An attachment must qualify on its own for attorney-client privilege and 'must be listed as a separate document on the privilege log.'"; *citing O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 280 (C.D. Cal. 1999) ("to claim the attorney-client privilege or work product doctrine for an attachment to, or enclosure with, another privileged document, the attachment or enclosure must be listed as a separate document on the privilege log; otherwise, such attachment or enclosure must be disclosed")); *Pacmor Bearings, Inc. v. Minebea Co., Ltd.*, 918 F. Supp. 491, 511 (D.N.H. 1996) ("Attachments which do not, by their content, fall within the realm of privilege cannot become privileged by merely attaching them to a communication with an attorney."); *Leonen v. Johns-Manville*, 135 F. R. D. 94, 98 (D.N.J. 1990) (same); *Sneider v. Kimberly-Clark Corp.*, 91 F.R.D. 1, 4 (N.D. Ill. 1980) (same).

### B. Nisus' Initial Privilege Log Is Insufficient

Nisus's first privilege contains twenty-nine entries, allegedly comprising the entirety of communications between Nisus and its attorneys as to the patent applications underlying this lawsuit. Amazingly, each of those entries is from Nisus' attorneys to Nisus. According to Nisus' privilege log, Nisus made no communication in written form over the six (6) year period covered

by the privilege log. That would mean that during that entire six year period that Nisus was prosecuting patent applications it never sent a single letter, draft revision, declaration, or piece of documentary evidence to its patent counsel. That seems highly improbable.

Moreover, five of the entries specifically list as document type "correspondence <u>with attachments</u>." Nisus makes no efforts to identify what those attachments are or why those attachments are subject to the attorney-client privilege, the asserted basis for their withholding. Under the legal standards announced above, Nisus' privilege log is deficient. Nisus must establish the applicability of privilege (the only basis recited) for each and every attachment to each of those documents.

Also, it is unclear if each of the withheld documents that were allegedly sent to Nisus' counsel were sent to other parties at the same time, with Nisus' counsel only copied on the correspondence. In *Fleet Business*, the plaintiff argued that specific documents were privileged as attorney-client communications. 2002 U.S. Dist. Lexis 23896*19. The court denied a protective order as to those documents because the plaintiff provided "no evidence that the communication was made for purposes of securing legal advice." *Id.* Citing *Royal*, 190 F.R.D. at 477, the *Fleet* Court held that "[s]imply copying corporate counsel on communications will not automatically cloak the document with privilege. There must be some explanation as to how the communication was for the purpose of securing legal advice." 2002 U.S. Dist. Lexis 23896*19. Here, there is no way to know if Nisus' counsel was simply copied on the correspondence it received or if that correspondence was directed to counsel for the purpose of securing legal advice.

### C. Nisus' Supplemental Privilege Log Is Insufficient

Absent from Nisus' supplemental privilege log is the "date" column, which is a glaring formatting difference as compared to the initial log. Notably, Nisus asserts, as one of the bases for withholding, the applicability of the work product doctrine. But without any recitation of dates, it is impossible for Perma-Chink, and the Court, to know when in time those documents were sent to

Nisus' counsel or for what reason. For all Perma-Chink knows, those entries refer to documents sent to Nisus' patent prosecution counsel 8 years ago during the prosecution of Nisus' patents and have nothing to do with Nisus' patent litigation strategy.

Moreover, the descriptions under document type reveal that each of the entries comprises multiple documents—Nisus has made no effort to establish that each individual document is privileged, which it must do as described above. What Nisus terms "experiments" and "photos" are likely not susceptible to attorney-client privilege. But Nisus has provided no information for either Perma-Chink, or the Court, to examine the veracity of Nisus' withholding.

Finally, as described above, this privilege log reflecting the withheld documents was only provided to Perma-Chink after a subpoena to the lab personnel listed on the supplemental log. Those personnel, and the withheld documents, have been within the "custody and control" of Nisus since the beginning of this lawsuit. Thus, the withheld documents are clearly responsive to earlier Perma-Chink requests under Fed. R. Civ. P. 34(a).

### D. Nisus' Second Supplemental Privilege Log Is Insufficient

Nisus returns the "date" column for its second supplemental privilege log. But, again, each entry likely includes the attachment of non-privileged documents. In fact, the individual identified on that log as the author or recipient of every entry, Nisus' EPA consultant (Kim Davis) testified that EPA documents (non-privileged) may have been attached to correspondence with Nisus' counsel. (Davis deposition, pp 20-28). Because Nisus has provided such limited disclosure on the log, it is impossible for Perma-Chink, or the Court, to know what type of documents have been withheld.

Again, as described above, this second supplemental log was only provided to Perma-Chink after a subpoena to EPA consultant, Kim Davis. Ms. Davis, and the withheld documents, have been within the "custody and control" of Nisus since the beginning of this lawsuit. In order to assert privilege over her correspondence, Nisus would have to agree to that. But these withheld

documents, clearly responsive to earlier Perma-Chink document requests under Fed. R. Civ. P. 34(a), were not identified until Perma-Chink issued a subpoena.

### E. The Appropriate Sanction Here Is Waiver Of Privilege

Accordingly, because Nisus's privilege log is wholly inadequate, Nisus has not met the elements required to invoke privilege or work product to withhold the requested documents. In such circumstances, where the description in the privilege log "falls below [the] standard and thus fails to provide sufficient information for the court and the party seeking disclosure to assess the applicability of the attorney-client privilege or work-product doctrine, then disclosure of the document is an appropriate sanction." *Mold-Master, Ltd. v. Husky Injection Molding Sys. Inc.*, 2001 WL 1558303*2 (N.D. Ill. 2001); *Glidden Co. v. Jandernoa*, 173 F.R.D. 459, 483 (W.D. Mich. 1997) ("Where, as here, a privilege log does not provide enough information to support the privilege claim, the assertion of privilege may be rejected on that basis.").

Nisus' actions here are even more egregious because it failed to assert privilege in timely fashion in response to earlier discovery requests. The Court should sanction Nisus and order it to turn over all documents recited on its privilege logs as well as those withheld documents not reflected therein. Alternatively, this Court should conduct an *in camera* review to determine whether the fifty-two entries on Nisus' privilege log can be withheld from Perma-Chink. Such a review is especially necessary where there have been two supplements to the initial privilege log produced as a result of Perma-Chink subpoenas.

Perma-Chink should not have to subpoena documents from each and every Nisus employee and agent to discover the extent and nature of all documents Nisus is choosing to withhold. It would appear that Nisus' privilege logs omit a substantial number of documents that likely exist, are discoverable, but are being withheld by Nisus with no privilege log entry or other record of their existence.

## IV. CONCLUSION

Nisus' failure to produce a privilege log with the necessary information is an abuse of the Federal Rules of Civil Procedure. Perma-Chink accordingly moves for the remedies described above and an award of its attorney's fees and costs associated with this motion and the preceding discovery conference in an amount of not less than $5,000.00.

DATED this 20thday of August 2004.

Respectfully submitted,

s/D. WILLIAM TOONE_____
M. DENISE MORETZ (STATE BAR NO. 010557)
WOOLF, MCCLANE, BRIGHT, ALLEN &
CARPENTER, PLLC
900 S. Gay Street, Suite 900,
Knoxville, TN 37902
Telephone: (865) 215-1000
Facsimile: (865) 215-1015

D. WILLIAM TOONE, Admitted *Pro Hac Vice*
INGE A. LARISH, Admitted *Pro Hac Vice*
DOUGLAS F. STEWART, Admitted *Pro Hac Vice*
DORSEY & WHITNEY LLP
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 903-8800
Facsimile: (206) 903-8820

Attorneys for Defendant
PERMA-CHINK SYSTEMS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of August, 2004 a copy of the foregoing **PERMA-CHINK'S MOTION TO COMPEL PRIVILEGE LOG DOCUMENTS** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties through their respective counsel of record as indicated on the electronic filing receipt. All other parties, if any, will be served by regular U.S. Mail. Counsel may access this filing through the Court's electronic filing system.

DATED this 20th day of August, 2004.

        S/ D. WILLIAM TOONE
        D. WILLIAM TOONE, Admitted *Pro Hac Vice*
        DORSEY & WHITNEY LLP
        U.S. Bank Centre
        1420 Fifth Avenue, Suite 3400
        Seattle, WA 98101
        Telephone: (206) 903-8800
        Facsimile: (206) 903-8820