UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| NISUS CORPORATION, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:03-CV-120 |
| | ) | | (VARLAN/SHIRLEY) |
| PERMA-CHINK SYSTEMS, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This patent infringement action is before the Court for consideration of Perma-Chink's motion pursuant to Fed. R. Civ. P. 59(e) [Doc. 427] to declare unenforceable divisional patents numbered 5,104,664 ("'664 patent") and 5,645,828 ("'828 patent"). As grounds for the motion, defendant argues that the '664 and '828 patents have an immediate and necessary relation to Nisus's inequitable conduct that rendered patent number 6,426,095 B2 ("'095 patent") unenforceable.

Nisus responds in opposition to the motion and advances three arguments. *See* Doc. 433. First, it contends that Perma-Chink has raised a new issue for which it cannot obtain relief under Fed. R. Civ. P. 59(e). Second, it contends that there is no authority applying the doctrine of infectious enforceability to earlier patents in the same priority chain. Finally, Nisus argues that the application of assignor estoppel precludes Perma-Chink from contending that the '664 and '828 patents are unenforceable.

The Court has reviewed the briefs and legal authorities, and for the reasons discussed herein, it will deny Perma-Chink's motion.

## I. Relevant Facts

The '095 patent, which is the patent-in-suit of the instant action, was issued on July 30, 2002, from U.S. Patent Application number 09/888,875 ("'875 patent application"), but it claims priority to U.S. Patent Application number 07/528,838 ("'838 patent application"). Both the '664 patent and the '828 patent also claim priority to the '838 patent application, but the '664 patent issued on April 14, 1992, and the '828 patent issued on July 8, 1997, years before the '095 patent.

In an earlier litigation, known as Nisus I, the '664 and '828 patents were before the Court. *See Nisus Corp. v. Perma-Chink Sys., Inc.*, No. 3:98-CV-433 (E.D. Tenn.). Nisus I was pending while Nisus, represented first by Michael Teschner and later by Allan Altera, was prosecuting the '875 patent application before the U.S. Patent and Trademark Office ("PTO"). During Nisus I, the parties engaged in significant discovery regarding the '664 and '828 patents, as well as the '838 patent application and other matters. Ultimately, however, Nisus voluntarily dismissed its claim of infringement of the '664 patent, and the only patent-in-suit in that case was the '828 patent.

With respect to the '828 patent-in-suit in Nisus I, the Court reached two important conclusions. First, the Court, applying the doctrine of assignor estoppel, determined that Perma-Chink was barred from asserting any patent invalidity defense based upon facts or conditions existing on before September 13, 1990, because on that date Perma-Chink had

2

assigned its rights in the '838 patent application to Nisus.  Second, the Court concluded that Perma-Chink's Shell-Guard and Guardian products do not infringe any claims of the '828 patent because there was insufficient evidence from which a reasonable jury could find literal or equivalent infringement by Perma-Chink.  *See Nisus Corp. v. Perma-Chink Sys., Inc.*, 327 F. Supp. 2d 844, 860 (E.D. Tenn. 2003), *aff'd* 128 Fed.Appx. 156 (Fed. Cir. 2005).

In a later litigation, known as Nisus III, the '828 patent is also before the Court.  *See Nisus Corp. v. Perma-Chink Sys., Inc.*, No. 3:03-CV-399 (E.D. Tenn.).  In that case, Nisus alleges that Perma-Chink's Shell-Guard "Ready-to-Use" formulation infringes the '828 patent.  That case remains in its early stages, and the Court has not made any conclusions about the validity or enforceability of the '828 patent.

In the instant action, known as Nisus II, the only patent-in-suit is the '095 patent.  *See* Docs. 1 at 2; 388 at 3, 8.  On March 16, 2006, following a bench trial, the Court entered findings of fact and conclusions of law regarding the enforceability of the '095 patent.[1]  *See* Doc. 416.  In short, the Court concluded that Messrs. Teschner and Altera had each engaged in acts that constituted inequitable conduct when they failed to disclose highly material information with an intent to deceive during the prosecution of the '875 patent application on behalf of Nisus.  *See id.* at 43-44.  Messrs. Teschner and Altera, each acting on behalf of Nisus, each failed to disclose, with an intent to deceive, Nisus I and Nisus I-related

---

[1] Nisus and Perma-Chink advanced a number of claims and counterclaims related to the '095 patent that the Court addressed in its findings of fact and conclusions of law, but the enforceability of the '095 patent was the dispositive issue; therefore, it commanded most of the Court's attention. *See* Doc. 416 at 4 n.2.

3

information that was highly material to the patentability of the eventual '095 patent. *See id.* at 44. Consequently, the Court concluded that all claims of the '095 patent are unenforceable. *Id.*

Pursuant to Fed. R. Civ. P. 59(e), Perma-Chink now asks the Court to "amend its Findings of Fact & Conclusions of Law[] to hold that all additional claims that have an immediate and necessary relation to the inequitable conduct found by this Court to render the '095 patent-in-suit unenforceable are unenforceable, including U.S. Patent Nos. 5,104,664 and 5, 645,828." Doc. 427 at 3 (citation omitted).

## II.  Discussion

"Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Rule 59(e) was "adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (quoting *Notes of Advisory Comm. on 1946 Amendment to Rules*, 5 F.R.D. 433, 476 (1946)). It provides a means for the Court to reconsider "matters properly encompassed in a decision on the merits," which includes those issues previously before the Court, but does not permit an expansion of the judgment to encompass issues that were not previously raised by the parties. *See id.* at 451. *See also Matthews v. Beloit Corp.*, 807 F. Supp. 1289, 1291 (W.D. Mich. 1992) (citing *Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657 (8th Cir. 1987)).

4

The instant action has only been concerned with the '095 patent. Neither party has asked the Court to consider specifically the enforceability of the '664 and '828 patents until Perma-Chink filed the instant motion. Therefore, the enforceability of the '664 and '828 patents is not a matter "properly encompassed in a decision on the merits" in this case. *White*, 455 U.S. at 451. The Court's findings of fact and conclusions of law demonstrate that the dispositive issue is the enforceability of the '095 patent. Thus, the Court declines to extend its judgment to encompass consideration of the enforceability or validity of the '664 and '828 patents. *See id. See also Matthews*, 807 F. Supp. at 1291.

## III. Conclusion

Accordingly, the Court hereby **DENIES** Perma-Chink's motion pursuant to Fed. R. Civ. P. 59(e) [Doc. 427] to declare unenforceable the '664 and '828 patents.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE