UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| NISUS CORPORATION, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:03-CV-120 |
| | ) | | (VARLAN/SHIRLEY) |
| PERMA-CHINK SYSTEMS, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM & ORDER**

This patent infringement action is before the Court for consideration of Perma-Chink's motion to amend judgment pursuant to Fed. R. Civ. P. 59(e) [Doc. 424]. Specifically, Perma-Chink seeks to amend the Court's findings of fact and conclusions of law [Doc. 416] and judgment [Doc. 417] to declare this case exceptional pursuant to 35 U.S.C. § 285 and award attorneys' fees and costs to Perma-Chink, and that such award be entered jointly against Nisus and Merchant & Gould, the law firm that represented Nisus through trial of this action. *See* Doc. 424 at 3.

Nisus responds in opposition to the motion and advances two arguments. *See* Doc. 434. First, it contends that Perma-Chink's own litigation misconduct precludes an award of attorneys' fees and costs. Second, Nisus argues that Perma-Chink has failed to satisfy its burden to show that Nisus engaged in extraordinary misconduct sufficient to support a conclusion that this case is exceptional under § 285.

The Court has reviewed the briefs and legal authorities, and for the reasons discussed herein, it will deny Perma-Chink's motion to amend.

I.      **Relevant Facts**

United States Patent number 6,426,095 B2 ("'095 patent"), which is the patent-in-suit of the instant action, was issued on July 30, 2002, from U.S. Patent Application number 09/888,875 ("'875 patent application"), but it claims priority to U.S. Patent Application number 07/528,838 ("'838 patent application").

In an earlier litigation between these parties, known as Nisus I, patents numbered 5,104,664 ("'664 patent") and 5,645,828 ("'828 patent") were before the Court. *See Nisus Corp. v. Perma-Chink Sys., Inc.*, No. 3:98-CV-433 (E.D. Tenn.). Nisus I was pending while Nisus, represented first by Michael Teschner and later by Allan Altera, was prosecuting the '875 patent application before the U.S. Patent and Trademark Office ("PTO"). During Nisus I, the parties engaged in significant discovery regarding the '664 and '828 patents, as well as the '838 patent application and other matters.

In the instant action, known as Nisus II, following a bench trial, the Court entered findings of fact and conclusions of law regarding the enforceability of the '095 patent.[1] *See* Doc. 416. In short, the Court concluded that Messrs. Teschner and Altera had each engaged in acts that constituted inequitable conduct when they failed to disclose highly material

---

[1] Nisus and Perma-Chink advanced a number of claims and counterclaims related to the '095 patent that the Court addressed in its findings of fact and conclusions of law, but the enforceability of the '095 patent was the dispositive issue; therefore, it commanded most of the Court's attention. *See* Doc. 416 at 4 n.2.

information with an intent to deceive during the prosecution of the '875 patent application on behalf of Nisus. *See id.* at 43-44. Messrs. Teschner and Altera, each acting on behalf of Nisus, each failed to disclose, with an intent to deceive, Nisus I and Nisus I-related information that was highly material to the patentability of the eventual '095 patent. *See id.* at 44. Consequently, the Court concluded that all claims of the '095 patent are unenforceable. *Id*.

In light of the Court's conclusion, it also considered Perma-Chink's claim for fraud and request for attorneys' fees and costs pursuant to § 285. *See id.* at 44-46. With regard to fraud, the Court concluded that the inequitable conduct did not rise to the level of "affirmative fraud" and rejected Perma-Chink's fraud claim. *See id.* at 45. With regard to the request for attorneys' fees and costs, the Court stated that it "is unable to conclude that Perma-Chink has established by clear and convincing evidence that Nisus engaged in extraordinary misconduct, fraud, or bad faith," and for the same reasons the Court had concluded that the inequitable conduct did not also constitute fraud, it concluded that an award of attorneys' fees and costs under § 285 "would not be appropriate in this case." *Id*. at 46. In a footnote, the Court added:

> This case, like Nisus I, has been fiercely litigated by both parties. As a review of the pleadings illustrates, the parties have traded barbs and accusations that evidence an unusual level of bitterness reminiscent of the fictional Montagues and Capulets or the real-life Hatfields and McCoys. *See* William Shakespeare, *Romeo & Juliet*; Normal Lugar, *Hatfield-McCoy Feud – Roseanna: Juliet of the Mountains*, Blue Ridge Country (Mar./Apr. 1996). In light of the parties' fierce defense of their respective interests, however, the Court cannot conclude that one party or another has suffered gross injustice. *See Arbrook, Inc.*, 645 F.2d at 279 (citations omitted) ("The purpose of § 285 is to prevent gross

3

> injustice, and an award under that statute requires an unambiguous showing of extraordinary misconduct."). Instead, the parties' long and bitter feud appears to have been a fulfillment of Mercutio's curse of the rival families in Shakespeare's *Romeo & Juliet*. *See Romeo & Juliet*, act. 3, sc. 1 (Oxford ed. 1914).

Doc. 416 at 46 n.15.

Perma-Chink now asks the Court to "amend the Court's judgment pursuant to Fed. R. Civ. P. 59(e) and declare this case exceptional pursuant to 35 U.S.C. § 285 (2000)." Doc. 424 at 3. In addition, Perma-Chink "moves that any award of attorneys [sic] and costs to be entered jointly against Nisus and its attorneys, Merchant & Gould, on the basis that the patent applicant's duty of candor [sic] good faith [sic] and honesty . . . applies equally to the applicant's representative . . . ." *Id*. at 3 (citations omitted).

**II.     Discussion**

"Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Rule 59(e) was "adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (quoting *Notes of Advisory Comm. on 1946 Amendment to Rules*, 5 F.R.D. 433, 476 (1946)). It provides a means for the Court to reconsider "matters properly encompassed in a decision on the merits," which includes those issues previously before the Court, but does not permit an expansion of the judgment to encompass issues that were not previously raised

4

by the parties. *See id.* at 451. *See also Matthews v. Beloit Corp.*, 807 F. Supp. 1289, 1291 (W.D. Mich. 1992) (citing *Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657 (8th Cir. 1987)).

Curiously, Perma-Chink states in its motion to amend the judgment, "This is the first opportunity for Perma-Chink to be heard on the law and facts cited in support of exceptionality[,] as findings did not previously exist from which such a motion could be filed." Doc. 424 at 3 (footnote omitted). As Nisus points out in its response, however, the issue of attorneys' fees and costs under 35 U.S.C. § 285 was put before the Court by Perma-Chink before trial, and it was one of the issues properly before the Court at the time it made findings of fact and conclusions of law. *See* Doc. 434 at 3 n.1 (citing Doc. 388 at 7). Accordingly, the question of attorneys' fees and costs under § 285 is a matter "properly encompassed in" the Court's decision on the merits. *See White*, 455 U.S. at 451.

In its findings of fact and conclusions of law, the Court explained the applicable standard for determining whether to award attorneys' fees and litigation costs under 35 U.S.C. § 285 as follows:

> In exceptional cases, the Court is authorized to award reasonable attorney fees to the prevailing party. *See* 35 U.S.C. § 285. An award of attorneys' fees is intended to prevent gross injustice and requires an unambiguous showing of extraordinary misconduct, fraud, or lack of good faith. *See Arbrook, Inc., v. Am. Hosp. Supply Corp.*, 645 F.2d 273 (5th Cir. 1981). Thus, where, in exercising its discretion, a court finds unfairness or bad faith in the losing party's conduct or some other equitable consideration of similar force, fees and costs may be awarded. *See Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368 (Fed. Cir. 2005). To make that determination, a court must consider two factors: first, whether the prevailing party has proven the case is exceptional by clear and convincing evidence, and second, whether an award would be appropriate. *See id.*

Doc. 416 at 46.

5

Turning to the substance of the instant motion, Perma-Chink contends that this case is exceptional pursuant to 35 U.S.C. § 285 based on six sets of alleged facts. *See* Doc. 424 at 6-18. First, Perma-Chink recounts the "misconduct before the PTO." *Id.* at 7-9. Second, it chronicles what it characterizes as "misconduct before the Court." *Id.* at 9-11. Third, Perma-Chink points to the PTO's intervention. *Id.* at 12-14. Fourth, it discusses "attacks on [Patent] Examiner [Carlos] Azpuru's credibility" as a basis for concluding that this case is exceptional. *Id.* at 14-16. Fifth, Perma-Chink characterizes Mr. Altera's trial testimony as "little more than scripted trial testimony and affirmative misrepresentations." *Id.* at 16. Finally, Perma-Chink contends this case is exceptional based on the facts surrounding what it characterizes as Nisus's "improper filings with the Court." *Id.* at 16-18.

In response, Nisus advances two arguments. *See* Doc. 434, 4-13. First, Nisus contends that "Perma-Chink's own litigation misconduct precludes an award of attorney [sic] fees and costs." *Id.* at 4. In support of this argument, Nisus points to its earlier motions seeking the disqualification of Perma-Chink's counsel. *Id.* (citing Docs. 273, 285, 306, 330). Second, Nisus argues that "Perma-Chink has failed to make an unambiguous, clear and convincing showing of extraordinary misconduct by Nisus." *Id.* at 6. In support of this argument, Nisus specifically denies Perma-Chink's characterizations of certain conduct, including the failure to disclose documents to the PTO, the redaction of documents submitted to the PTO, the delayed submission of documents, trial testimony, court filings, and allegations made by Nisus or its counsel. *See id.* at 5-13.

6

Perma-Chink's reply is four-fold. *See* Doc. 445. First, it contends that Nisus's response relies on unproven facts and allegations that should not be considered. *See id.* at 1-5. Second, Perma-Chink argues that Nisus's response invites the Court to commit reversible error. *See id.* at 5-7. Third, Perma-Chink returns to the facts set out in its motion and argues that "Nisus's attempts to spin this Court's findings cannot change the evidence or the findings." *Id*. at 7. Finally, Perma-Chink argues that "[i]f the only consequence Nisus experiences is the loss of its patent, it is no worse off than when it started out." *Id*. at 12.

This back-and-forth between the parties illustrates what the Court was referring to in its findings of fact and conclusions of law when it noted, "the parties have traded barbs and accusations that evidence an unusual level of bitterness reminiscent of the fictional Montagues and Capulets or the real-life Hatfields and McCoys." Doc. 416 at 46 n.15 (citations omitted). It also reinforces why an award of attorneys' fees and litigation costs pursuant to 35 U.S.C. § 285 is not appropriate in this case. As the Court noted in its findings of fact and conclusions of law, "In light of the parties' fierce defense of their respective interests, [] the Court cannot conclude that one party or another has suffered gross injustice." Doc. 416 at 46 n.15

In its reply, Perma-Chink suggests that the Court applied the wrong legal standard for determining whether a case is exceptional when the Court discussed *Arbrook, Inc. v. American Hosp. Supply Corp.*, 645 F.2d 273 (5th Cir. 1981). *See* Doc. 445 at 7 (citing Doc. 416 at 46). It argues that the Court should have applied the standard stated in *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003), because "'[Federal Circuit]

7

precedent governs the substantive interpretation of 35 U.S.C. § 285, which is unique to patent law.'" Doc. 445 at 5 (quoting *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 182 F.3d 1356, 1359 (Fed. Cir. 1999)). Perma-Chink's concern, however, is based on a misreading of the Court's conclusions of law. The Court discussed *Arbrook* with regard to the *appropriateness* of awarding attorneys' fees, not for the substantive law governing whether a case is *exceptional*. *See* Doc. 416 at 46 (stating "An *award of attorneys' fees* is intended to prevent gross injustice and requires an unambiguous showing of extraordinary misconduct, fraud, or lack of good faith." (citation omitted) (emphasis added)). Thus, the Court is satisfied that it addressed the appropriate legal standards in declining to award attorneys' fees and litigation costs in this case pursuant to 35 U.S.C. § 285. *See* Doc. 416 at 46.

### III. Conclusion

Accordingly, the Court hereby **DENIES** Perma-Chink's motion pursuant to Fed. R. Civ. P. 59(e) [Doc. 424] to declare this case exceptional and award attorneys' fees and litigation costs.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE