UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

NISUS CORPORATION,                          )
                                            )
            Plaintiff,                      )
v.                                          )        No.:   3:03-CV-120
                                            )               (VARLAN/SHIRLEY)
PERMA-CHINK SYSTEMS, INC.,                  )
                                            )
            Defendant.                      )

## <u>MEMORANDUM OPINION</u>

This civil action is before the Court on two motions: (1) Objections to Report and Recommendation on Defendant's Motion for Sanctions [Doc. 506]; and (2) Motion to Strike or Dismiss Motion for Sanctions [Doc. 513]. At the outset, the Court notes that the patent infringement action underlying this dispute has now been settled [*see* Doc. 509], leaving these lingering sanctions motions as the only issues pending until this long-litigated, contentious case can be brought to a close. A hearing was held before the Court on January 9, 2007, at which the pending motions were thoroughly argued by the parties. [*See* Doc. 524.] Given that the facts of this case are well-known by the parties and the Court, and have been fully detailed in Magistrate Judge Shirley's Report and Recommendation [Doc. 505 at 2-18], the Court will forgo another recitation of the facts underlying this dispute and will instead proceed directly to resolving the pending motions.

# I.     Objections to Magistrate Judge Shirley's Report and Recommendation [Doc. 506]

Plaintiff's attorneys, Merchant & Gould, Douglas Williams, and Allan Altera (collectively, the "Attorneys") filed a 36-page objection to Judge Shirley's Report and Recommendation ("R&R") [Doc. 505], in which he recommends that: (1) defendant's First Renewed Motion for Sanctions as to the Pauly Declaration & '698 IDS [Doc. 438] be granted in part to the extent that sanctions should be awarded under the Court's inherent powers and/or 28 U.S.C. § 1927 and denied in part to the extend that defendant requests sanctions under Federal Rules of Civil Procedure 11 and 56(g); (2) defendant's Renewed Second Motion for Sanctions Regarding Mr. Altera's Sworn Testimony [Doc. 439] be granted; (3) the Attorney's Motion to Dismiss Defendant's Motion for Rule 11 Sanctions [Doc. 459] be granted; and (4) defendant's Cross-Motion to Modify Defendant's First Renewed Motion for Sanctions [Doc. 469] be denied as moot.  Defendant has responded in opposition to the Attorneys' appeal [Doc. 511], and the Attorneys have filed a reply [Doc. 512].

## A.     Unobjected-to Portions of the R&R

Initially, the Court notes that certain portions of Judge Shirley's conclusions have not been objected to by the parties.[1]  Specifically, the parties have not objected to the following recommendations of Judge Shirley: (1) that defendant's requests for sanctions under Federal Rules of Civil Procedure 11 and 56(g) in its Renewed First Motion for Sanctions be dismissed; (2) that the Attorneys' Motion to Dismiss Defendant's Motion for Rule 11

---

[1]In fact, only the Attorneys have filed objections to the R&R; defendant raised no objections. [*See* Doc. 524 at 14; 105-106.]

Sanctions be granted; and (3) that defendant's Cross-Motion to Modify Defendant's First Renewed Motion for Sanctions be denied as moot. [Doc. 524 at 13-14; 105-106.] Because enough time has passed since the filing of the R&R to treat any objections to those portions as being waived, *see* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), the Court is not required to review those conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Accordingly, because the Court is in agreement with Judge Shirley on these portions of the R&R, the Court will adopt and incorporate into its ruling the following recommendations of Judge Shirley:

> (1) that defendant's request for sanctions under Federal Rules of Civil Procedure 11 and 56(g) be dismissed;
>
> (2) that the Attorneys' Motion to Dismiss Defendant's Motion for Rule 11 Sanctions be granted; and
>
> (3) that defendant's Cross-Motion to Modify Defendant's First Renewed Motion for Sanctions be denied as moot.

As a result, the only claims remaining in defendant's Renewed First Motion for Sanctions are those seeking sanctions against plaintiff, and not the Attorneys, pursuant to 28 U.S.C. § 1927 and/or the Court's inherent powers. [Doc. 438 at 13-15; 19-20.] However, given that defendant withdrew all motions for sanctions sought against plaintiff on account of the settlement reached between the parties, [Doc. 505 at 8; Doc. 506 at 8-9], such withdrawal disposes of the remaining claims in defendant's Renewed First Motion for Sanctions.

Accordingly, all claims in defendant's Renewed First Motion for Sanctions as to the Pauly Declaration & '698 IDS [Doc. 438] have been resolved, and that motion will therefore be denied.

B.    R&R Objections

As to the remaining portions of Judge Shirley's R&R to which the Attorneys object, the Court has undertaken *de novo* review of those conclusions, as is required by Federal Rule of Civil Procedure 72(b).  This review entails "at least a review of the evidence that faced the Magistrate Judge," but may also include consideration of further evidence, at which point "the Court is free to accept, reject or modify the findings of recommendations of the Magistrate Judge." *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (internal citations removed).  The Attorneys have objected to Judge Shirley's recommendation that defendant's Renewed Second Motion for Sanctions be granted and that sanctions be levied against the Attorneys pursuant to 28 U.S.C. § 1927 and/or the Court's inherent powers.  As noted above, given that the parties' settlement agreement resolved all issues between plaintiff and defendant, [Doc. 505 at 8; Doc. 506 at 8-9; Doc. 524 at 112], the Court will consider the Renewed Second Motion for Sanctions only insofar as it seeks the imposition of sanctions against the Attorneys.

The Attorneys object to Judge Shirley's determination that defendant's Renewed Second Motion for Sanctions should be granted for two primary reasons.  First, the Attorneys object to Judge Shirley's conclusion that sanctions should be levied against them on the grounds that defendant's motion does not adequately specify the parties against whom

sanctions are sought and therefore fails to provide adequate notice to those individuals that sanctions were being sought against them. [Doc. 506 at 13-14; Doc. 524 at 17-19.] The Attorneys further contend that Judge Shirley's R&R engages in the same impermissible lumping together of the parties against whom defendant seeks sanctions in that it "fails to differentiate between the sanctions sought against each respondent based on different alleged acts" and "does not analyze the separate motions, the different respondents, and the distinct grounds argued for sanctions against each." [Doc. 506 at 10-11; *see also* Doc. 524 at 26-27.] In this way, the Attorneys argue, defendant's Renewed Second Motion for Sanctions denies them due process of law. [Doc. 506 at 10; Doc. 524 at 18-20.] In response, defendant argues that the Renewed Second Motion for Sanctions is specific enough to put the Attorneys on notice that sanctions were sought against them, contending that the use of the term "Nisus and its counsel" in that motion and the accompanying description of the alleged objectionable conduct by the Attorneys made it clear against whom they were seeking sanctions. [Doc. 511 at 9-10; Doc. 524 at 106-109.]

Second, the Attorneys argue that the standards for levying sanctions pursuant to either 28 U.S.C. § 1927 or the Court's inherent authority have not been met in this case and accordingly, that an award of such sanctions would be inappropriate. With regards to an award of sanctions under 28 U.S.C. § 1927, the Attorneys argued at the hearing of this matter that defendant has not shown that the Attorneys' conduct resulted in vexatious multiplication of the proceedings in this matter, as is required by that statute. [Doc. 524 at 129.] As to sanctions pursuant to the Court's inherent powers, the Attorneys argue that it would be

inappropriate for the Court to levy such sanctions against the Attorneys because defendant has not shown that this case presents the kind of exceptional circumstances supporting employment of the Court's inherent power to levy sanctions. [Doc. 506 at 31-32; Doc. 524 at 56-58.] Specifically, the Attorneys argue that defendant's request for sanctions pursuant to 28 U.S.C. § 1927 precludes it from seeking sanctions pursuant to the Court's inherent powers, given the Sixth Circuit's determination in *First Bank of Marietta v. Hartford Underwriters Insurance Co.* that "[g]enerally, a court's inherent power should be reserved for conduct of a party that is egregious and no other basis for sanctions exists." 307 F.3d 501, 513 (6th Cir. 2002) (internal quotations removed). The Attorneys further argue that there can be no levying of sanctions under the Court's inherent powers because there has been no finding of bad faith in this case, as is required within the Sixth Circuit for such sanctions to issue. [Doc. 524 at 59.] In response, defendant contends that "there is no rule of law that limits the Court's ability to exercise its inherent power to address the conduct of attorneys appearing before it" and that the Court therefore has the authority to issue sanctions via its inherent authority in this instance. [Doc. 511 at 11.]

In considering the Attorneys' objections to Judge Shirley's ruling, the Court has independently reviewed the entire record, including the R&R [Doc. 505], the transcript of the hearing before Judge Shirley on August 7, 2006 [Doc. 487], the pending objections and related briefing [Docs. 506, 511, 512], and the transcript of the hearing before this Court on January 9, 2007 [Doc. 524]. For the reasons that follow, the Attorneys' objections will be sustained.

The Court agrees with the Attorneys that defendant's Renewed Second Motion for Sanctions does not put the Attorneys on adequate notice such that it comports with the requirements of due process. Due process requires notice and an opportunity to be heard before a court imposes sanctions on an attorney. *See, e.g., Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). This notice requirement has been interpreted by many courts as requiring that the party against whom sanctions are sought be given particularized or specific notice. For example, to comport with due process, the Third Circuit Court of Appeals requires "particularized notice" that informs an attorney of "the particular factors that he must address if he is to avoid sanctions." *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357 (3d Cir. 1990). Similarly, the Second Circuit Court of Appeals has held that "a sanctioned attorney must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed...." *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 97 (2d Cir. 1997). This is particularly true when, as here, sanctions are sought under multiple provisions. *Id.* at 96-97. In such instances, "separate consideration of the available sanctions machinery is not only warranted but necessary for meaningful review." *U.S. v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1346 (2d Cir. 1991).

After thoroughly reviewing the relevant pleadings, the Court cannot say that defendant's Renewed Second Motion for Sanctions affords the Attorneys the type of particularized notice to which they were entitled by due process. In the motion, defendant says it is seeking sanctions via the Court's inherent power against Nisus, [Doc. 439 at 11], but also states it is seeking such sanctions against "Nisus' counsel." [*Id.* at 12.] However,

as the Attorneys noted at the January 9, 2007 hearing before this Court, the motion does not specifically identify which of plaintiff's many attorneys it is seeking to sanction under the Court's inherent authority. [*See* Doc. 524 at 20.] Similarly, with regards to sanctions via 28 U.S.C. § 1927, defendant states merely that it is seeking sanctions against "Nisus and/or...the law firm of Merchant & Gould," [Doc. 439 at 13], but does not specifically identify the individuals nor the conduct it seeks to be sanctioned. Rather, the motion repeatedly states that it is seeking sanctions under 28 U.S.C. § 1927 against "the Merchant & Gould attorneys involved." [Doc. 439 at 13.] In this way, defendant's Renewed Second Motion for Sanctions does not sufficiently set forth the sanctioning authority being considered, the conduct alleged to be sanctionable, nor which of the numerous attorneys involved in the representation of plaintiff that defendant seeks to be sanctioned. *See Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 298 (3d. Cir. 1996)

Ultimately, it strikes the Court that here, as was determined by the Third Circuit Court of Appeals in *Jones*, "[a]lthough there was reference in the various submissions....to actions that could be sanctionable under § 1927, we cannot say with reasonable assurance on this record that appellant was on notice that § 1927 was being relied on by defendants as a basis for the imposition of sanctions....," an infirmity that plagues both defendant's request for sanctions via 28 U.S.C. § 1927 and the Court's inherent powers. *Jones*, 899 F.2d at 1357. Despite defendant's argument to the contrary, [*e.g.*, Doc. 524 at 110], the Attorneys were correct in noting at the hearing of this matter that "[s]imply describing the conduct is not

sufficient." [*Id.* at 30.] Thus, the Court believes the Attorneys were entitled to more specific notice than was provided by defendant's Renewed Second Motion for Sanctions.

Even if the Attorneys had been given proper notice through defendant's Renewed Second Motion for Sanctions, the Court further believes this is not a case where it would be appropriate for the Court to levy sanctions via 28 U.S.C. § 1927 or its inherent power to do so. 28 U.S.C. § 1927 provides that "[a]ny attorney or other person...who so multiplies the proceeding in any case unreasonable and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Thus, as the statute makes clear, an award of sanctions under 28 U.S.C. § 1927 is discretionary, and the Sixth Circuit has made clear that this discretion is fairly broad, as an award of sanctions under the statute is reviewed only for abuse of discretion. *Runfola & Assocs. Inc. v. Spectrum Reporting II, Inc.,* 88 F.3d 368, 375 (6th Cir. 1996); *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2003). In *Shepherd*, the Sixth Circuit articulated the kind of conduct that rises to the level of "vexatiously multiplying proceedings," noting that it includes conduct "where an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims," as well as instances where attorney conduct "falls short of the obligations owed by the member of the bar to the court and which, as a result causes additional expense to the opposing party." 313 F.3d at 969 (internal quotations and citations removed). Aside from the bare assertion that "Mr. Williams' June 16th offer of proof followed by Mr. Altera's morphing and expanding testimony regarding the extent of

the litigation disclosure did in fact multiply the proceedings in this case unreasonably and vexatiously," [Doc. 439 at 16], defendant has presented no real proof tending to show that the Attorneys engaged in conduct rising to the level of being "unreasonable and vexatious," as that term has been defined by the Sixth Circuit. *See Shepherd*, 313 F.3d at 969. The R&R in this respect suffers from a similar lack of specificity, merely stating in blanket fashion, without more, that the Attorneys' submission of the Pauly Declaration and '698 IDS was "designed to imply untrue facts and thus mislead the Court" thereby being "improper and objectively unreasonable." [Doc. 505 at 26.] Ultimately, little, if any, proof has been submitted to support a determination that the levying of sanctions via 28 U.S.C. § 1927 would be appropriate in this particular instance. Accordingly, the Court would decline to exercise its discretion to grant such sanctions here.

With regards to the issuing of sanctions under the Court's inherent powers, the Sixth Circuit has held that it is appropriate for a district court to levy such sanctions only where there has been "bad faith conduct in litigation." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002); *see also Runfola & Assocs.*, 88 F.3d at 375. As the Supreme Court made clear through its admonition in *Chambers v. NASCO*, courts should approach a request to issue sanctions via its inherent powers gingerly:

> A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees. Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power.

10

501 U.S. 32, 50 (1991) (internal citations omitted). Particularly given the mandated caution with which courts are to consider exercising their inherent power to issue sanctions, the Court cannot ignore the fact that no real evidence has been submitted sufficient to prove that the Attorneys engaged in bad faith in this case. Specifically, the Court agrees with the Attorneys that there has been no evidence presented that indicates that the Attorneys in fact engaged in a "calculated scheme to mislead the court" or that they truly had "improper motives." [*See* Doc. 505 at 21-22; 24.] To the contrary, there has never been a finding that Mr. Williams knew that Mr. Altera's testimony was mistaken or false such that his conduct could be construed as rising to the level of presenting false testimony to the Court. Nor has the Court explicitly or implicitly determined that Mr. Altera engaged in intentional misrepresentations or that he was uncredible, despite the contrary conclusion of the R&R. [*See id.* at 24.] In fact, this Court previously explicitly stated that it was "unable to conclude that Perma-Chink has established by clear and convincing evidence that Nisus engaged in extraordinary misconduct, fraud, or bad faith." [Doc. 416 at 46.] Thus, it strikes the Court that to find otherwise now would be incongruous, at best. Given this lack of proof of bad faith, the Court would also decline to exercise its discretion to levy sanctions via its inherent powers.

Accordingly, for the foregoing reasons, plaintiff's objections to Judge Shirley's R&R will be sustained, and defendant's Renewed Second Motion for Sanctions Regarding Mr. Altera's Sworn Testimony [Doc. 439] will be denied.

## II.	Motion to Strike or Dismiss Motions for Sanctions [Doc. 513]

The Attorneys filed a Motion to Strike or Dismiss Motions for Sanctions [Doc. 513], arguing that defendant's response to the Attorneys' objections to Magistrate Judge Shirley's R&R should be stricken or that defendant's two renewed motions for sanctions should be dismissed because defendant's response "improperly includes misleading and altered quotations from cases" and that "these omissions and alternations create a misleading impression of the cited authorities." [Doc. 513 at 1.]  Because the Court is denying both of the renewed sanctions motions underlying this pending motion, the Attorneys' Motion to Strike or Dismiss Motions for Sanctions [Doc. 513] will be denied as moot.

## III.	Conclusion

For the foregoing reasons, the Court finds as follows:

(1)	The Attorneys' Objections to Report and Recommendation on Defendant's Motion for Sanctions [Doc. 506] will be **SUSTAINED**, resulting in the following   disposition of Judge Shirley's Report & Recommendation:

- Defendant's Renewed First Motion for Sanctions as to the Pauly Declaration & '698 IDS [Doc. 438] will be **DENIED**;

- Defendant's Renewed Second Motion for Sanctions Regarding Mr. Altera's Sworn Testimony [Doc. 439] will be **DENIED**;

- The Attorneys' Motion to Dismiss Perma-Chink's Motion for Rule 11 Sanctions [Doc. 459] will be **GRANTED**; and

- Defendant's Cross-Motion to Modify Perma-Chink's Renewed First Motion for Sanctions [Doc. 469] will be **DENIED as moot**; and

12

(2)   The Attorneys' Motion to Strike or Dismiss Motions for Sanctions [Doc. 513] will be **DENIED as moot**.

ORDER ACCORDINGLY.


                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE